IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Samuel Wilson**,<br><br>Plaintiff,<br><br>vs.<br><br>**The Village of Sauk Village,** a municipal corporation, **Officer Grossman**, Star 117, a Sauk Village police officer, **Kevin Smith**, An Office of the Illinois State Fire Marshal,<br><br>Defendants. | **JURY TRIAL DEMANDED** |

**COMPLAINT**

Now Comes the Plaintiff, Samuel Wilson, by and through his attorneys, Dvorak Law Offices, LLC, and complains against Defendants Village of Sauk Village, Officer Grossman, Star 117, and Kevin Smith, and states the following:

1. The incident occurred in Sauk Village, a municipality located in Cook and Will Counties in Illinois.
2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, U.S.C. 42 U.S.C. § 1983, § 1988 and 28 U.S.C. § 1331 and § 1343(a); the Constitution of the United States pendant jurisdiction as provided under 28 U.S.C. § 1367(a).
3. Venue is proper under 28 U.S.C. § 1391(b)(2) as all parties resigned in this judicial district and all underlying events pertaining to the claims occurred within this District.

4. The Plaintiff, Samuel Wilson, is a resident of Matteson, Cook County, Illinois.

5. He is a lieutenant firefighter at with the Village of Country Club Hills in Cook County, Illinois.

6. The incident in question occurred in the Cook County portion of Sauk Village.

7. Defendant Sauk Village is a municipal corporation located in Will and Cook Counties in Illinois and was at all times relevant to this Complaint the employer of Defendant Officer Grossman, who was acting under color of law and within the course and scope of his employment with Defendant Sauk Village.

8. Defendant Kevin Smith is an investigator with the Office of the Illinois State Fire Marshal, who was acting under color of law and within the course and scope of his employment with the Office of the Illinois State Fire Marshal.

9. In the Fall of 2015, the Plaintiff was a partial owner of a bar in Sauk Village, Cook County, called Levels Sports Bar, which had been vandalized several times over the weeks preceding this incident.

10. In the early hours of October 24, 2015, the Plaintiff, Samuel Wilson, was in his car watching over the bar in an attempt to catch the vandals.

11. In the early morning hours, the Plaintiff saw someone suspicious approach the bar.

12. He immediately called the police and then went to the bar to try and catch the vandal himself.

13. Sauk Village police responded to the scene, where they discovered the Plaintiff's bar had minor fire damage.

14. It was apparent from police reports submitted in the case about that initial police call that the Plaintiff was a victim of the arson, not the perpetrator.

15. Defendant Smith investigated the matter.

16. However, Defendant Smith was not an independent evaluator of the evidence.

17. Instead, Defendant Smith and the Plaintiff knew one another through the Plaintiff's work as a firefighter.

18. Defendant Smith, who is white, and the Plaintiff, who is black, had an adverse relationship due to some racially charged remarks that the Defendant made in regard to the Plaintiff, some years ago.

19. As a result of that incident, Defendant Smith was admonished and banned from visiting the Country Club Hills fire station, causing Defendant Smith embarrassment.

20. Defendant Smith completed a report in this case that he submitted to Sauk Village Police and the Cook County State's Attorney's Office.

21. Defendant Smith concluded the fire to the Plaintiff's bar was the result of the Plaintiff committing arson, even though he knew this was false, and that, in fact, there was no probable cause to believe the Plaintiff committed a crime.

22. Defendant Officer Grossman also investigated this matter, and he also knew there was no probable cause to believe the Plaintiff committed a crime, including arson.

23. To support the false charges, Defendants Smith and Grossman fabricated evidence and/or knew that the other was fabricating evidence, and/or agreed to submit this false evidence to the State's Attorney's Office to get the Plaintiff charged with arson.

24. In furtherance of this agreement, Smith and Grossman agreed to submit a staged crime scene and/or knew the other was doing so.

25. Specifically, Defendants Smith and Grossman agreed to claim that a paper towel roll, a lighter, and a paper towel were found together at the crime scene, and that the Plaintiff left them there when police arrived on the night in question, when, in fact, these were random items found separately in the Plaintiff's bar, and were not instrumentalities of the fire.

26. Defendants Smith and Grossman knew these items were not found together, were not the instrumentalities of the crime scene, but agreed to claim in police reports and to cause to be submitted evidence to the grand jury that they were, knowing the result would be the prosecution of the Plaintiff for arson.

27. At least four other agencies, including the ATF, MABAS Fire Investigator (an independent emergency rapid response system), the Illinois Gaming Board, and the Illinois Department of Liquor Control all conducted investigations regarding this incident and found no foul play in regard to the Plaintiff.

28. Defendants Smith and Grossman knew the Plaintiff was the victim of an arson, not the perpetrator, that there was no probable cause to believe he

committed arson, and yet they caused the Plaintiff to be falsely arrest, falsely detained, and falsely charged with arson.

29. The Plaintiff was found not guilty in a bench trial on March 19, 2019, in a manner consistent with his innocence.

30. The Plaintiff brings claims of State Law Malicious Prosecution against Defendants Sauk Village, Officer Grossman, and Defendant Smith.

31. The Plaintiff brings The Plaintiff brings 42 U.S.C. § 1983 claims against Defendants Grossman and Smith for fabrication of evidence and conspiracy to fabricate evidence.

32. The Plaintiff also seeks indemnification from Sauk Village any judgment obtained against the Defendant Officers, as all actions described herein were taken while under the color of law and in the course of their employment with the municipality.

33. The Plaintiff suffered severe emotional and physical damages as the result of the actions of the Defendants, and seeks compensatory damages against all the Defendants, as well as punitive damages against Defendants Smith and Grossman.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully Submitted,

/s/ Richard Dvorak
One of the Attorneys for the Plaintiff
Samuel Wilson

Richard Dvorak
Mariam Hai
Dvorak Law Offices, LLC
6262 Kingery Highway, Suite 305
Willowbrook, IL 60527
P: (630) 568-3190
F: (312) 873-3869
richard.dvorak@civilrightsdefenders.com
mariam.hai@civilrightsdefenders.com